FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAY 31 A 10:53

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ROMAN NOEL,

    Plaintiff,

v.                                       CIVIL ACTION NO.: CV513-007

DR. DAVID HEWETT,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Roman Noel ("Plaintiff"), an inmate currently incarcerated at Ware State Prison ("WSP") in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendant Dr. David Hewett ("Hewett") filed a Motion to Dismiss, to which Plaintiff filed a Response. Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff claims that on January 26, 2004, while incarcerated at Hancock State Prison ("HSP") in Sparta, Georgia, he made his first request for "gum treatment". Plaintiff says he requested periodontal treatment while at HSP on at least two more occasions, receiving a cleaning treatment following his third request on December 10,

72A
8/82)

2007.[1] Plaintiff contends that on February 2, 2011, he complained of bleeding gums and chronic halitosis and received a dental cleaning. Plaintiff attached to his Complaint forms for two grievances filed in late 2011 regarding his need for periodontal care. Plaintiff claims these grievances have been pending review in Forsyth, Georgia since that time. Plaintiff states that he received a dental cleaning from Hewett on September 27, 2011. Plaintiff contends Hewett "recapped" the importance of proper brushing and flossing. Plaintiff alleges Hewett was "insouciant towards my distress". Plaintiff states his health "keeps getting worse" as a result of his periodontal issues. Plaintiff submitted another Health Services Request form dated February 15, 2012, which claimed he suffered from pain and bleeding gums. (Doc.No. 1-1, p. 8). Plaintiff states he received a dental cleaning from Hewett, but no attempts were made to address his underlying issues. Plaintiff alleges that Hewett made no attempts to prescribe pain medication during this visit and told Plaintiff to "be happy with your mouth."

Plaintiff states that his last purchase of dental floss occurred on September 15, 2011. Plaintiff alleges WSP discontinued the sale of dental floss, and instead offers the unsatisfactory option of dental loops for sale at the prison store. Plaintiff claims he repeatedly endures confrontations with cellmates regarding his halitosis. Plaintiff states he is worried for his safety as he has had eleven roommates in one year's time due to his dental issues. Plaintiff claims to have eighteen witness statements from other inmates confirming his halitosis and need for dental care.

Hewett contends that Plaintiff's claims which allegedly occurred before January 11, 2011, are barred by the statute of limitations. Hewett further counters that Plaintiff

---

[1] The Health Services Request forms corresponding to these events were attached as exhibits to Plaintiff's Complaint. Each form states Plaintiff was placed on the wait list for dental cleaning or was already on the wait list. (Doc. No. 1-1, pp. 1-3).

2

fails to state an Eighth Amendment claim against him for deliberate indifference. Hewett argues that Plaintiff cannot pursue money damages against him in his official capacity, Plaintiff's claims against him based on vicarious liability are not cognizable under § 1983, and that he is entitled to qualified immunity in his individual capacity. Hewett also offers that Plaintiff's requested injunctive relief is barred under the PLRA.[2]

## STANDARD OF REVIEW

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial

---
[2] 18 U.S.C. § 3626.

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by* Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2012).

## DISCUSSION AND CITATION TO AUTHORITY

The Eighth Amendment's proscription against cruel and unusual punishment imposes on the government an affirmative obligation to provide minimally adequate medical care to inmates whom they are punishing by incarceration. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Society's "contemporary standards of decency" do not condone the unnecessary and wanton denial of medical care to inmates, who cannot care for themselves while incarcerated. Estelle, 429 U.S. at 105. Otherwise, the "denial of medical care [to

inmates] may result in pain and suffering which no one suggests would serve any penological purpose." Id. at 103. Therefore, under the Eighth Amendment, the government cannot deliberately ignore or withhold minimally adequate medical care to those inmates suffering from serious medical needs. Id. at 103-104.

However, the Supreme Court cautioned in Estelle that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." 429 U.S. at 105. Additionally, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. Neither does a difference in opinion between the prison's medical staff and the prisoner as to diagnosis or course of treatment amount to a claim under the Constitution. Harris, 941 F.2d at 1505 (citation omitted). Only when deliberate indifference to an inmate's serious medical need is demonstrated to be "repugnant to the conscience of mankind" or offensive to "evolving standards of decency" will it give rise to a valid claim of mistreatment under the Eighth Amendment. Id.

A heavy burden is placed on inmates alleging an Eighth Amendment violation based on deliberate indifference to a serious medical need. To succeed on a claim of inadequate medical treatment, an inmate must set forth evidence of an objectively serious deprivation of medical care demonstrating: (1) an objectively serious medical need, and (2) deliberate indifference to that need. Bingham v. Thomas, 654 F3d 1171, 1175-76 (11th Cir. 2011). And as is true in all tort actions, the plaintiff must also establish that the defendant's indifference caused his injury. Gobert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

AO 72A
(Rev. 8/82)

i.  **Serious Medical Need**

According to the pleadings, Plaintiff began requesting dental treatment for his periodontal issues in 2004. (Doc. No. 1, p. 7). Plaintiff contends that although he received regular dental cleanings, his "underlying problem" has worsened through nine years of neglect. (Id. at p. 8).

In order to allege a serious medical need, an inmate must demonstrate that the medical need "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert at 1326 (citation omitted). The Eleventh Circuit has recognized that "[i]n certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." Farrow v. West, 320 F.3d 1235, 1243-44 (11th Cir. 2003). This Court and others have recognized that a dental condition may rise to the level of a serious medical need when the condition results in significant pain. See Newsome v. Prison Health Services, Inc., 2009 WL 1469203 (S.D. Ga. May 26, 2009).[3] In Farrow, the Eleventh Circuit found that the plaintiff, a state prisoner, established a serious dental need based on evidence demonstrating "pain, continual bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and [ ] continuing medical problems." Farrow at 1244-45.

---

[3] In Newsome, the plaintiff, also a state inmate, demonstrated a serious medical need through evidence revealing he suffered "severe and longstanding dental problems at the time he was seen by [defendants], including advanced periodontitis, tooth deterioration and decay, cracked and broken teeth, a failed root canal, dental infections, missing fillings, and other problems likely to result in episodes of significant pain." Id. at *6. Further, the plaintiff in that case showed deliberate indifference by demonstrating an outright denial of care through evidence that some of the defendants laughed at his pain. Id.

6

The facts show that Plaintiff has received continual dental treatment. Upon examination of the exhibits Plaintiff attached to his Complaint, it appears that each time Plaintiff requested dental treatment he was either placed on the dental wait-list[4] or received a general dental cleaning. Plaintiff states on two other occasions he received dental cleanings but not comprehensive treatment for his periodontal issues. (Doc. No. 1, pp. 7; Doc. No. 1-1. p. 8; Doc. No. 21, p. 2). Again, these cleanings appear from the record to be in response to Plaintiff's requests for treatment.

The grievances filed by Plaintiff regarding his periodontal issues demonstrate they are equally connected to Plaintiff's receipt of dental care. The Warden's Response section of Plaintiff's grievance filed June 19, 2011 states that Plaintiff received a dental cleaning with Hewett on June 21, 2011. (Doc. No. 1-1, p. 4).[5] Plaintiff filed another grievance dated September 28, 2011, stating his condition has been unaddressed; however, it was filed the day after Plaintiff avers he received a cleaning from Hewett. (Doc. No. 1-1, p. 5; Doc. No. 1, p. 7). The Warden's Response section of this grievance states the dental department was in the process of reviewing Plaintiff's halitosis condition. (Doc. No. 1-1, p. 5). Plaintiff contends that his medical need is serious because he possesses a list of witnesses he claims will testify to his halitosis. (Doc. No. 21, p. 2). Plaintiff does not allege that the halitosis relates to an underlying periodontal issue or that there has been physician-ordered treatment for any of his dental conditions. Neither does Plaintiff establish that failure to treat his dental

---

[4] These events transpired at HSP. Each Health Services Request Form submitted by Plaintiff states that he was placed on the wait list for a cleaning or was already on the wait list. (Doc. No. 1-1, pp. 1-3). The Court recognizes there is no allegation in the Complaint that Hewett was involved in or is even knowledgeable about those events occurring at HSP.

[5] This cleaning is never mentioned by Plaintiff in the allegations contained in either the Complaint or Reply.

7

conditions would pose a substantial risk of serious harm to his health – other than Plaintiff's concern over continued conflict with cellmates.

Unlike the evidence presented in Farrow, the evidence in the record in this case shows that Plaintiff suffers from a dental condition that, according to Plaintiff's Complaint, includes bleeding gums, halitosis, and occasional pain. The plaintiff in Farrow suffered from serious dental limitations demonstrated by weight loss, resulting in significant detrimental effects on the plaintiff's health apart from the underlying dental conditions themselves. While intense pain can establish a serious dental need, Plaintiff makes only one allegation that he attempted to convey dental pain to Hewett. (Doc. No. 27, p. 2). The evidence, when viewed in the light most favorable to Plaintiff, does not establish that he suffers from a serious medical need. However, even assuming *arguendo* that Plaintiff does plead facts sufficient to support a finding that he suffers from a serious medical need, Plaintiff's claim fails.

ii.  **Deliberate Indifference**

The pleadings reveal that Plaintiff received dental cleanings from Hewett on three occasions. In reference to the cleaning with Hewett in September 2011, Plaintiff contends that Hewett only covered the importance of proper brushing and makes the bare assertion that Hewett was "insouciant towards my distress." (Doc. No. 1, p. 7). In Plaintiff's Reply to the instant Motion, Plaintiff submits that he complained of bleeding gums and pain in a medical request form. (Doc. No. 1-1, p. 8). Plaintiff alleges that during the resultant dental cleaning, Hewett failed to prescribe any medication for the pain and told him to "be happy with your mouth." (Doc. No. 21, p. 2). Plaintiff surmises

8

in his Reply that "Hewett was more than aware of and chose to disregard the risk to my health." (Doc. No. 21, p. 2).

In order to prevail on his claim, an inmate must not only establish the existence of a serious medical need, but must also prove the allegedly offending prison official acted with deliberate indifference. Estelle, 429 U.S. at 106. It is clear that the "Eleventh Circuit jurisprudence has been faithful to the language and intent of Estelle, giving substance to the Supreme Court's distinction between deliberate indifference and mere negligence." Loadholt v. Moore, 844 F. Supp.2d 1274, 1280 (S.D. Ga. 2012). These cases reveal only a narrow class of actions, or inactions, that have been found to constitute deliberate indifference: "care so grossly inadequate that it shocks the conscience, easier and less efficacious courses of treatment, cursory treatment of obvious medical needs, or unnecessary and unjustifiable delays in treatment." Id. (citation omitted).

To demonstrate deliberate indifference to a serious medical need, a plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005) (citations omitted). The Eleventh Circuit has found that "inadvertent or negligent conduct in diagnosing or treating a medical condition will not state a constitutional violation," Barfield v. Brierton, 883 F.2d 923, 938 (11th Cir. 1989), but "knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference." Carswell v. Bay County, 854 F.2d 454, 457 (11th Cir. 1988). If the deliberate indifference claim is based on quality of care received, "there is no

9

constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cnty. Det. Center, 262 F. App'x. 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985).[6] Compliance with the Eight Amendment does not require prison provided medical care to "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (citation omitted).

At the most, Plaintiff's Complaint shows he received three cleanings from Hewett and was dissatisfied with the treatment and advice he was given. Plaintiff's own Complaint is contradictory in that Plaintiff claims his periodontal issues are caused by "nine years of neglect" (Doc. No. 1, p. 8) while the facts clearly show continual dental care. (Doc. No. 1-1, pp. 1-8). The pleadings do not support a conclusion that Plaintiff has ever been denied (or has been delayed in receiving) dental care by Hewett. Construing the allegations in the Complaint in the light most favorable to the Plaintiff, the pleadings demonstrate that Plaintiff received basic dental treatment and that Hewett exercised medical judgment in rendering medical advice. Nothing in the record suggests that Hewett subjectively knew about a risk of serious harm to Plaintiff or disregarded such a risk. Plaintiff has not demonstrated that his condition has significantly worsened due to Hewett's conduct, nor has he presented evidence that the treatment he received was improper. Although Plaintiff alleges that he can no longer access his preferred form of dental floss and has had negative experiences with his

---

[6] See also, Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation").

10

cellmates concerning his halitosis, these alleged events are not attributable to Defendant Hewett.

Although Plaintiff expresses his dissatisfaction with his course of treatment and concludes that he needs deep gum treatment by a licensed periodontist, the pleadings indicate that Plaintiff received basic dental care from Hewett on three occasions within the span of one year. Even assuming that Hewett's treatment of Plaintiff was in some way inadequate or differed from courses of treatment another caregiver would have pursued or that Plaintiff would have chosen, these allegations alone are insufficient to support a claim of deliberate indifference. "It is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate." Abel v. Lappin, 661 F. Supp.2d 1361, 1373 (S.D. Ga. 2009); see also, Estelle, 429 U.S. at 107 (explaining "the question whether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order [such] measures, does not represent cruel and unusual punishment. At most it is medical malpractice."). Imperfect medical treatment, "although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." Estelle, 429 U.S. at 105.

Because Plaintiff failed to state the essential elements of his deliberate indifference claim, the remaining defenses Hewett provided in the instant Motion need not be addressed.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Noel's Complaint be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 21st day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

A
(/82)